IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| XIDRONE SYSTEMS, INC.,<br><br>Plaintiff and Counter Defendant,<br><br>v.<br><br>FORTEM TECHNOLOGIES, INC.,<br><br>Defendant and Counter Claimant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND FINAL INVALIDITY CONTENTIONS<br><br>Case No.:  2:23-cv-00430-AMA-DBP<br><br>District Judge: Ann Marie McIff Allen<br><br>Magistrate Judge: Dustin B. Pead |

  This matter is presently before the Court on Defendant Fortem Technologies, Inc. ("Fortem") Motion to Amend/Correct its Final Invalidity Contentions[1] and Fortem's Motion "Objecting to the Declaration of Plaintiff's Expert and in the Alternative Leave to File a Five Page Reply Brief" (hereinafter "Motion to Strike").[2]  The Court did not hear oral argument on the motions, though it held a claim-construction hearing on November 20, 2024, which implicated several issues related to Plaintiff and Counter Defendant XiDrone Systems, Inc.'s ("XiDrone") expert declaration.  Having considered the parties' briefs and the record, the Court will deny Fortem's Motion to Amend/Correct its Final Invalidity Contentions and deny as moot Fortem's Motion to Strike.

---

[1] ECF No. 57.
[2] ECF No. 52.

# DISCUSSION

## I. Fortem's Motion to Amend its Final Invalidity Contentions

### a. Parties' Arguments

Fortem seeks leave to amend its final invalidity contentions to add the so-called Sandia Report. Although the Sandia Report was attached to XiDrone's Complaint,[3] Fortem claims it did not learn the Sandia Report constituted prior art until August 16, 2024.[4] On that date, XiDrone filed a declaration that, according to Fortem, shows the priority date for the '651 Patent as December 2, 2016 rather than, as XiDrone asserted, sometime in December 2014.[5]

XiDrone responds that the August 16 declaration did not alter Fortem's understanding of the '651 Patent's priority date because: (1) Fortem's Answer, filed August 31, 2023, affirmatively alleged "[t]he '651 Patent is a continuation-in-part and at least one asserted claim of the patent is not fully supported by any filing prior to December 2, 2016;"[6] (2) Fortem's final invalidity contentions already rely on other prior art dated before December 2, 2016; (3) Fortem sent a letter to XiDrone on April 26, 2024, stating it was relying on prior art within the two-year period from December 2014 to December 2016 because, according to Fortem, "the priority date for the '651 Patent is no earlier than December 2, 2016;"[7] (4) Fortem propounded an interrogatory asking XiDrone to "[a]dmit that the priority date for each asserted claim of the '651

---

[3] *See* ECF No. 2, Ex. C.
[4] ECF No. 57 at 5.
[5] *See id.* at 6.
[6] Ans. at 7, ECF No. 18.
[7] ECF No. 62, Ex. D.

patent is December 2, 2016;"[8] and the declaration at issue merely reiterated and supported XiDrone's claim construction brief, filed May 24, 2024.[9]

### b. Analysis

The Court denies Fortem's Motion to Amend/Correct its Final Invalidity Contentions because Fortem has not shown good cause sufficient to support the requested amendment. A party must move to amend its final contentions not "later than 14 days after the discovery of the basis for the amendment . . . ." L.P.R. 3.4(a). "Upon a showing of good cause and no unfair prejudice to opposing parties, the court may permit a party to amend its Final Contentions." L.P.R. 3.4(b).

XiDrone does not identify any unfair prejudice if the Court allows the amendment here. Indeed, XiDrone would have a difficult time doing so because the Sandia Report was attached to XiDrone's Complaint.[10] Thus, the matter turns on whether Fortem has shown good cause for the proposed amendment.

Fortem fails to establish good cause because the record shows Fortem has been aware of the Sandia Report–and of the opinion that the '651 Patent had a December 2, 2016 priority date– since the inception of this lawsuit and throughout its duration. Fortem does not offer any sufficient explanation for not including the Sandia Report as prior art before filing the instant motion on August 27, 2024. Fortem claims the delay is justified because XiDrone "misrepresented" the '651 Patent's priority date. Setting aside the negative implications the word "misrepresented" may carry, which hopefully Fortem did not intend, the suggestion of

---

[8] ECF No. 62, Ex. E.
[9] *See* ECF No. 62 at 8–10.
[10] *See* ECF No. 2, Ex. C.

misrepresentation fails to persuade because, despite XiDrone's conduct, Fortem asserted a December 2, 2016 priority date for the '651 Patent in its Answer and various other stages of this lawsuit. Thus, even assuming XiDrone made a "misrepresentation" that that patent had some other priority date, there is no indication Fortem was in fact misled.

Next, Fortem also claims it "did not discover until recently" that the Sandia Report's publication date falls between XiDrone's asserted priority date (December 2014) and December 2, 2016.[11] This assertion is puzzling because the Sandia Report's title is: "UAS Detection, Classification, and Neutralization: Market Survey 2015."[12] Any ambiguity as to specific date seems to be cured by the first slide in a PowerPoint presentation contained in the Sandia Report indicating the date April 20, 2015.[13] Even a cursory search for the Sandia Report's title on Google reveals the Sandia Report is available on a website maintained by the United States Department of Energy, indicating a publication date of July 1, 2015.[14] Based on this information, Fortem should have known the Sandia Report was dated sometime between the two relevant dates: December 2014 and December 2, 2016. Accordingly, Fortem has not shown good cause for its request to amend its invalidity contentions to add the Sandia Report.

## II.     Fortem's Motion to Strike

Fortem's Motion to Strike asks the Court to strike the expert declaration of Steve Shattil or, alternatively, to allow Fortem to file a five-page reply proffered with Fortem's motion.[15] XiDrone opposes the Motion to Strike by pointing to various purported procedural missteps by

---

[11] ECF No. 68 at 7.
[12] Compl., Ex. C (ECF no. 2).
[13] *Id.* at 37 of 75.
[14] U.S. Dept. Energy Technical Report: UAS Detection Classification and Neutralization, https://www.osti.gov/biblio/1222445. (last visited January 29, 2025).
[15] ECF No. 52.

Fortem, and arguing XiDrone need not allow Fortem to depose Mr. Shattil because he offered an expert declaration "to rebut Fortem's expert testimony," rather than "in support of a claim construction."[16] Thus, XiDrone believes the declaration falls outside the requirements of the District's Local Patent Rules governing witnesses who provide a "declaration in support of a claim construction [that] has not previously been deposed." L.P.R. 4.3(e).

The Court denies as moot Fortem's Motion to Strike because the Court did not find it necessary to rely upon Mr. Steve Shattil's declaration to construe the patent claims at issue in this case. Even so, in the event disputes like this arise in the future, XiDrone should use the golden rule as a guide. The Court expects the parties to afford the same courtesy regarding discovery and briefing to their opponent as they might expect their opponent to afford in return.

## ORDER

Based on the foregoing, the Court:

DENIES Fortem's Motion to Amend/Correct its Final Invalidity Contentions (ECF No. 57); and

DENIES AS MOOT Fortem's Motion to Strike the Declaration of XiDrone's Expert or file a Reply (ECF No. 52).

DATED this 4th day of February 2025.

BY THE COURT:

Ann Marie McIff Allen
United States District Judge

---

[16] ECF No. 60 at 7.