THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| XIDRONE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FORTEM TECHNOLOGIES, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:23-cv-00430-AMA-DBP <br><br> District Judge Ann Marie McIff Allen <br><br> Chief Magistrate Judge Dustin B. Pead |

Before the court is Defendant Fortem Technologies, Inc.'s Motion Objecting to the Disclosure of Protected Information to Steven Shattil.[1] Fortem seeks an order barring the disclosure of "highly sensitive Confidential-Attorneys' Eyes Only discovery materials" (Protected Information) to Mr. Shattil, who is the "proposed technical adviser" to Plaintiff XiDrone Systems, Inc.[2] The matter is fully briefed, and the court has carefully reviewed the moving papers submitted by the parties.[3] As set forth herein, the court grants the Motion.

## BACKGROUND

This case is an action for alleged patent infringement. Plaintiff XiDrone seeks to enforce two of its patents against Fortem.[4] The patents describe systems to detect, track, and deter small commercial drones from potentially harming civilian or military targets. XiDrone alleges Fortem uses and sells drone mitigation systems that infringe its patents.

---

[1] ECF No. 82. This matter is referred to the undersigned from Judge Allen pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 8.

[2] Motion at 1.

[3] Pursuant DUCivR 7-1(g) (2024), oral argument is unnecessary, and the court will determine the motion based on the written papers.

[4] These are U.S. Patent 9,689,976 (the 976 Patent) and U.S. Patent 11,378,651 (the 651 Patent).

XiDrone seeks to use Steven Shattil as a technical advisor under the court's Standard Protective Order. Mr. Shattil, according to XiDrone, is a "highly qualified and experienced technical expert necessary for the development and presentation"[5] of its case. Fortem objects to this designation as Mr. Shattil will have access to sensitive material and argues he has financial ties to XiDrone. Thus, Mr. Shattil should be barred from the disclosure of highly sensitive confidential attorneys' eyes-only information.

## DISCUSSION

Under the Federal Rules "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[6] However, if a party seeks discovery of confidential material or trade secrets, the court may limit or prohibit its production.[7] While there is no absolute protection for trade secrets or other confidential material, courts have consistently afforded greater protection to those materials due to the threat of economic injury arising from disclosure to competitors.[8] Given the concerns of injury, "Courts dress technical information with a heavy cloak of judicial protection because of the threat of serious economic injury to the discloser of scientific information."[9]

---

[5] Opposition at 1, ECF No. 89

[6] Fed. R. Civ. P. 26(b).

[7] *See id.* at 26(c)(f).

[8] *See White Knuckle IP LLC v. Elec. Arts Inc*., No. 1:15-CV-36 DN, 2015 WL 6125774, at *2 (D. Utah Oct. 16, 2015) (excluding certain individuals from reviewing source code); *Catheter Connections, Inc. v. Ivera Med. Corp*., No. 2:14-CV-70 TC, 2014 WL 3945880, at *1 (D. Utah Aug. 12, 2014) (denying access to certain information by a former business officer and in-house counsel); *ClearOne Commc'ns, Inc. v. Chiang*, No. 2:07 CV 37 TC, 2008 WL 4527344, at *1 (D. Utah Oct. 1, 2008) (preventing the reclassification of an expert report with sensitive information); *Digital Equip. Corp. v. Micro Tech., Inc*., 142 F.R.D. 488, 492, 1992 WL 184398 (D. Colo. 1992) (protecting confidential information from a proposed "independent excerpt" until they relinquished their non-litigation consulting activities for a party).

[9] *Definitive Holdings, LLC v. Powerteq LLC*, No. 2:18-CV-00844-TS-DBP, 2019 WL 6682395, at *2 (D. Utah Dec. 6, 2019) (quoting *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc*., 682 F.Supp. 20, 22 (D.Del.1988).

A party seeking to protect highly sensitive material must demonstrate that "(a) the information is highly confidential commercial information or a trade secret; (b) disclosure of such material might be damaging to the producing party; and (c) the harm associated with disclosure outweighs the need for access."[10] The Protective Order here provides that a Technical Advisor may receive highly confidential commercial information or trade secrets.[11] A Technical Advisor is defined as "any person who is not a party to this action and/or not presently employed by the receiving party or a company affiliated through common ownership, who has been designated by the receiving party to receive another party's" protected information.[12] XiDrone seeks to provide Fortem's highly sensitive material to Mr. Shattil who it designates as a Technical Advisor.

The parties here do not contest the nature of Fortem's material agreeing it is highly confidential commercial information or trade secrets. Instead, the parties disagree regarding the other two factors – whether disclosure of such material might be damaging and whether the harm with disclosure outweighs the need for access. Fortem asserts the disclosure of its protected information to Shattil "presents an unacceptable risk of competitive harm."[13] Further, because expert deadlines remain months away, providing adequate time for XiDrone to retain another technical advisor, the harm from disclosure does not outweigh the need for access. XiDrone takes the opposite position as to these two factors.

---

[10] *Digital Equip. Corp.* 142 F.R.D. at 491 (citing *Centurion Industries, Inc. v. Warren Steurer and Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981)).

[11] This type of material falls within what the Standard Protective Order lists as "Protected Information." Information that is "confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party." Standard Protective Order at 2, available online at https://www.utd.uscourts.gov/usdc-forms. The operative Standard Protective Order here pertains to cases filed before December 1, 2023.

[12] *Id.* at 4.

[13] Motion at 7.

In considering the undue risk of competitive harm Fortem cites to *Digital Equipment Corp.*[14] That court examined whether the expert in question was truly independent of the receiving party allowing access to the protected material. The *Digital* court considered the following factors: (a) Whether the "expert's position, if any, within the receiving party's business as an officer, director, shareholder or employee or having family ties to the business"[15]; (b) The extent of regular employment, consulting, or association with the receiving party; (c) The present involvement of the expert in the receiving party's competitive decisions; (d) Any potential for future involvement in those competitive decisions; and (e) If the "expert's involvement is deemed beyond the point of 'independence', the individual's willingness to curtail or forego future involvement with the receiving party."[16] Although the court need not explicitly discuss each of these factors, the court finds the reasoning in *Digital Equipment* persuasive because it is consistent with the court's standard protective order, and the "overarching principle … requiring that … a disinterested person serve in the role of Technical Advisor."[17]

Fortem argues Mr. Shattil is anything but a disinterested party. For example, Mr. Shattil owns GenghisComm. GenghisComm was listed on XiDrone's publicly available web page as a strategic partner since as early as March 2019. In response, XiDrone notes it removed GenghisComm from its website as a strategic partner and argues it was listed on its web page "in an effort to show potential investors and business partners of XiDrone the breadth of XiDrone's

---

[14] 142 F.R.D. 488.

[15] *Digital Equip. Corp.* 142 F.R.D. at 491 (citing *Safe Flight Ins. Corp. v. Sundstrand Data Control Inc.*, 682 F.Supp. 20, 21 (D. Deleware 1988)).

[16] *Id.*

[17] *Definitive Holdings*, 2019 WL 6682395 at *1.

network of connections and potential resources in 4G and 5G technologies."[18] No actual partnership or financial interest existed between GenghisComm and XiDrone.

Based on the record, the court finds there is serious concern about the disclosure of Fortem's highly sensitive material and an undue risk of competitive harm. Up until the filing of Fortem's motion, Mr. Shattil's company was openly advertised as a strategic partner of XiDrone. A "strategic partner" is a "business term meaning a party 'with which a long-term agreement is reached for sharing of physical and/or intellectual resources in achievement of a common objective.'"[19]

The strategic partnership between XiDrone and GenghisComm has existed since March 2019. The court is not persuaded that removing GenghisComm from its web page after the filing of this motion suddenly removes a relationship that has existed between the two companies for years. This long-standing strategic partnership undermines the independence needed for Mr. Shattil to be designated as a Technical Advisor. The court does not question Mr. Shattil's moral fiber, but as noted by another court, once confidential and proprietary information is reviewed, "it will become part of [one's] general acquired knowledge, which cannot be 'unlearned' or utilized only on a selective basis."[20]

Fortem further argues Mr. Shattil served as an "intellectual property strategist" at Department 13 when XiDrone and Department 13 "collaborated on a joint development project noted directly in XiDrone's patents."[21]. In response, XiDrone asserts Mr. Shattil's involvement with Department 13 does not present an undue risk here. Department 13 stopped its U.S.

---

[18] Opposition to Defendant's Motion at 3-4.

[19] *Team Sys. Int'l, LLC v. Haozous*, 656 F. App'x 907, 912, 2016 WL 3891575 (10th Cir. 2016) (quoting http://www.businessdictionary.com/definition/strategic-partner.html).

[20] *Digital Equip. Corp*. 142 F.R.D. at 492.

[21] Reply at 4, ECF No. 92.

operations in 2023 when it filed for bankruptcy protection and XiDrone's relationship with Department 13 ended at that time. Most importantly, Mr. Shattil does not have a financial interest in Department 13 and has not worked there since November of 2021. The court need not do a deep dive into Mr. Shattil's relationship with Department 13 because his involvement with the strategic partnership between XiDrone and GenghisComm is sufficient to disqualify him as a Technical Advisor.

In sum the court finds disclosure of Fortem's proprietary information would be damaging and the harm associated with that disclosure to Mr. Shattil outweighs XiDrone's need to provide that information to him. XiDrone fails to offer a credible explanation for the sudden termination of its strategic partnership with Mr. Shattil's company. Finally, there is ample time for XiDrone to designate a different Technical Advisor, so any prejudice is minimal.

## ORDER

For the foregoing reasons, the court GRANTS Fortem's Motion. XiDrone is precluded from designating Mr. Shattil as a Technical Advisor or disclosing Fortem's Protected Information to Mr. Shattil.

IT IS SO ORDERED.

DATED this 5 June 2025.

_____
Dustin B. Pead
United States Magistrate Judge