THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| XIDRONE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FORTEM TECHNOLOGIES, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:23-cv-00430-AMA-DBP <br><br> District Judge Ann Marie McIff Allen <br><br> Chief Magistrate Judge Dustin B. Pead |

This dispute arises in an ongoing patent war over drone technology. Before the court is Plaintiff Xidrone Systems, Inc.'s short form Motion to Compel Supplemental Responses to Document Requests.[1] Xidrone asserts Defendant Fortem Technologies, Inc. has a duty to supplement its responses to discovery in a timely manner even after the close of fact discovery and has failed to do so. Fortem opposes the Motion.[2] After considering the Motion, the parties' memoranda, and relevant law, the court DENIES Plaintiff's Motion.

## BACKGROUND

This case is an action for alleged patent infringement. Plaintiff XiDrone seeks to enforce two of its patents against Fortem.[3] The patents describe systems to detect, track, and deter small commercial drones from potentially harming civilian or military targets. XiDrone alleges Fortem uses and sells drone mitigation systems that infringe its patents.

---

[1] ECF No. 96. This matter is referred to the undersigned from Judge Allen pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. ECF No. 8.

[2] ECF No. 97.

[3] These are U.S. Patent 9,689,976 (the 976 Patent) and U.S. Patent 11,378,651 (the 651 Patent).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(e) imposes a continuing duty to supplement discovery response. It provides,

> A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or ….[4]

If a party fails to provide information in compliance with this duty, Federal Rule 37(c)(1) provides that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[5] Thus, the duty of continuing to supplement discovery responses is an important aspect in the litigation process.

## DISCUSSION

XiDrone argues Fortem's responses, productions and supplemental productions are incomplete. XiDrone points to its Requests for Production numbers 2, 3, 4, 6, 10, 19, 24, and 25 contending Fortem needs to supplement its responses. XiDrone notes that Fortem has produced documents such as:

> 1. Sales Quarterly Business Review. 2. Engineering and Product Updates.
> 3. KPI and Organizational Objective Charts. 4. Roadmaps. 5. Operating Plans.
> 6. Quotations. 7. Specifications. 8. Trip Reports. 9. Investment memos.
> 10. Financial Statements. 11. Company Overviews. 12. Use Cases. 13. Marketing literature.[6]

---

[4] Fed. R. Civ. P. 26(e).

[5] Fed. R. Civ. P. 37(c)(1).

[6] Motion at 2.

In response, Fortem contends it has complied with Rule 26(e). Fact discovery closed on June 21, 2024, and since that date, Fortem has produced "more than 1,000 pages of responsive documents" consisting primarily of "materials generated after the close of discovery."[7] XiDrone's requests, according to Fortem, do not "explicitly nor reasonably call for materials such as quarterly business reviews, internal roadmaps, and other 'types of documents'" as listed by XiDrone in its Motion. Fortem agrees to provide responsive documents within the original scope of XiDrone's requests. But Fortem declines to produce categories of documents XiDrone failed to request, or that fall outside the scope of its original discovery requests.

The requests XiDrone relies on are as follows:

REQUEST NO. 2:
Documents and things sufficient to show the operation of each "Accused Instrumentality" since June 27, 2017 to present.

REQUEST NO. 3:
Documents sufficient to reflect the total number of each "Accused Instrumentalities" made, used, offered for sale, and/or sold by Defendant and the total revenue derived therefrom on a monthly basis from June 27, 2017 to the present.

REQUEST NO. 4:
All sales forecasts, revenue projections, inventory reports, and/or manufacturing plans for each "Accused Instrumentality" made, used, offered for sale, and/or sold by Defendant since June 27, 2017.

REQUEST NO. 6:
All documents which refer to, relate to, evidence or concern the facts supporting the allegations in Defendant's "Noninfringement" Affirmative Defense (see Dkt. 18 at ¶131)

REQUEST NO. 10:
All documents which refer to, relate to, evidence or concern the facts supporting the allegations in Defendant's "Government Sales" (see Dkt. 18 at ¶135) Affirmative Defense.

REQUEST NO. 19:

---

[7] Fortem's Response to Xidrone Systems Inc.'s Short Form Motion to Compel at 2, ECF No. 97.

> Any and all documents and/or things that record, refer, or relate to Defendant's designing around and/or attempting to design product(s) and/or methods having a construction or method or processing which is and/or was specifically intended to avoid infringement of any claim of the Patents-in-Suit.
>
> REQUEST NO. 24:
> A user manual for each "Accused Instrumentality" made, used, offered for sale, and/or sold by Defendant since June 27, 2017.
>
> REQUEST NO. 25:
> A copy of each specification sheet for each "Accused Instrumentality" made, used, offered for sale, and/or sold by Defendant since June 27, 2017.[8]

A review of these requests supports Fortem's position. The requests do not include many of the supposed categories XiDrone contends Fortem must supplement. For example, roadmaps, trip reports, investment memos, and quarterly business reviews are among those things not requested. XiDrone is taking an extremely broad reading of its requests that is not supported by their plain language. The court disagrees with this reading.

XiDrone cites to *Rodriguez v. IBP, Inc.*,[9] in its memoranda for the proposition that a party has a continuing duty to disclose information even after discovery is closed. The court does not disagree with this general proposition. However, Rule 26(e) updates are not unlimited. Rather, they are bound by what has previously been disclosed[10] and are constrained by the discovery requests themselves. A party cannot turn prior requests into an open adventure for additional discovery, especially when discovery has closed. If it were, otherwise, cases would drag on with discovery disputes well beyond the discovery deadlines providing parties with inappropriate opportunities to change litigation strategies. The court expects Fortem to meet its

---

[8] XiDrone's First Set of Requests for Production of Documents and Things at 4-8, ECF No. 96-1.

[9] 243 F.3d 1221 (10th Cir. 2001).

[10] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir.2002) ("A party is under a continuing duty to supplement if there are additions ... to what has been previously disclosed.").

Rule 26(e) obligations, but it need not provide information outside the scope of XiDrone's original requests.

## ORDER

For the reasons discussed, the court DENIES Plaintiff's Short Form Motion to Compel Supplemental Responses.

IT IS SO ORDERED.

DATED this 9 June 2025.

_____
Dustin B. Pead
United States Magistrate Judge